UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
(JACKSONVILLE DIVISION)
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | CASE NO. 3:16-BK-002232-JAF |
| | CHAPTER 11 |
| PREMIER EXHIBITIONS, INC. a/k/a | (Jointly Administered) |
| PRYXIE LIQUIDATION CORP. et al.,[1] | |
|     Debtors. | |
| _____/ | |
| MARK C. HEALY of Michael Moecker & Associates, Inc., Liquidating Trustee, | Adv. Case No. 3:18-ap-00064-JAF |
|     Plaintiff, | |
| v. | |
| DAOPING BAO, | |
|     Defendants. | |
| _____/ | |
| MARK C. HEALY of Michael Moecker & Associates, Inc., Liquidating Trustee, | Adv. Case No. 3:20-ap-00051-JAF |
|     Plaintiff, | |
| v. | |
| DAOPING BAO, et al., | |
|     Defendants. | |
| _____/ | |

**PLAINTIFF'S AGREED MOTION[2] TO CONSOLIDATE
<u>ADVERSARY CASES FOR ALL PURPOSES, INCLUDING TRIAL</u>**

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Pryxie Liquidation Corp. (4922); Pryxie Liquidation 1P LLC (3101); Pryxie Liquidation 2ALLC (3101); Pryxie Liquidation 5I LLC (5075); Pryxie Liquidation 3N Inc. (9246); Pryxie Liquidation 4M LLC (3867), and Pryxie Liquidation 6D Corp. (7309).

[2] With the exception of Defendant Mingcheng Tao, who is a citizen of the People's Republic of China and has not been served, all other named defendants have been served and have advised they are in agreement with the relief requested herein. By motion filed July 20, 2020 on 14-days' negative notice, the Trustee filed a motion to drop Mr. Tao as a party defendant to this action. With no objections having been filed or served to such motion, the Trustee intends to upload an order granting same by the close of business today.

The Plaintiff, Mark C. Healy of Moecker & Associates, Inc., Liquidating Trustee under the Liquidating Trust Agreement formed and Implemented pursuant to the Debtors' confirmed First Amended Chapter 11 Plan of Liquidation, pursuant Fed. R. Civ. P. Rule 42, as incorporated by Fed. R. Bankr. P. 7042, files this Motion to Consolidate Adversary Cases for All Purposes, Including Trial, and says:

**Introduction & Facts**
**Supporting the Relief Requested**

1. By this Agreed Motion, Plaintiff seeks the entry of an order consolidating above-captioned Adversary Case Nos. 18-00064 and 20-00051 (the "Adversary Proceedings") for all purposes, including trial. For the reasons set forth herein, good cause exists to grant the relief requested.

2. On June 14, 2016 (the "Petition Date"), Premier Exhibitions, Inc.,[3] along with its various affiliated debtor subsidiaries and affiliates (collectively, "Premier"), filed voluntary Chapter 11 bankruptcies before this Court [ECF No. 1].

3. By Order dated October 19, 2018 (the "Sale Order") [ECF No. 1232], the Court approved a sale of the business operated by Premier, which consisted of the business development and touring of permanent and traveling exhibitions of historic and educational artifacts, including those recovered from the infamous RMS Titanic shipwreck.

4. By Order dated October 16, 2019, the Bankruptcy Court approved confirmation of the Debtors' First Amended Plan of Liquidation (the "Plan") [ECF No. 231], which appointed the Plaintiff as Liquidating Trustee under the Liquidating Trustee Agreement formed and implemented under the confirmed Plan, and who is now the duly appointed and acting fiduciary for the Debtors[4]

---

[3] As of the result of a post-confirmation name change effectuated by each of the Debtors, Premier Exhibitions, Inc. is now known as Pryxie Liquidation Corp.
[4] By Notice of Effective Date dated November 6, 2019, the Debtors advised the Court, creditors, interest holders, and other parties in interest that on October 31, 2019, the Effective Date of the Plan occurred, and that all conditions

5.     Both Adversary Proceedings seek damages and other relief against certain former officers and directors of Premier for alleged breaches of fiduciary duty in regard to alleged acts and omissions which involve common questions of fact and law. In fact, the operative complaints in both Adversary Proceedings make the same material allegations as to Mr. Bao.

## **Legal Argument**

6.     Fed. R. Civ. P. Rule 42, as incorporated by Fed. R. Bankr. P. 7042, entitled "Consolidation; Separate Trials" provides:

> (a) <u>Consolidation</u>. If actions before the court involve a common question of law or fact, the court may:
>
>> (1) join for hearing or trial any or all matters at issue in the actions;
>>
>> (2) consolidate the actions; or
>>
>> (3) issue any other orders to avoid unnecessary cost or delay.
>
> (b) <u>Separate Trials</u>. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

7.     The Eleventh Circuit has held that a court's decision under Rule 42(a) is purely discretionary. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). In exercising its discretion in determining whether consolidation is appropriate, the Court must consider:

> [w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudication of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single case, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.*

---

precedent to the effectiveness of the Plan as set forth in Article 13 therein have either been satisfied or waived in accordance with the Plan and Confirmation Order.

8. Here, both legal and practical reasons support consolidation, including:

   a. First, as noted above, the Adversary Proceedings involve common questions of law and fact. In fact, the issues in both adversary proceedings not only overlap with each other, but make the same material allegations as to Mr. Bao;

   b. Consolidation will allow judicial resources to be conserved, and the expenditure of time, fees, costs, and expenses of the parties materially decreased, by avoiding the necessity of separate hearings, briefing schedules, and trials posed by multiple lawsuits, all to the benefit of the Court, the parties, and third party witnesses; and

   c. Finally, consolidation will serve to avoid the risk of inconsistent adjudication of common factual and legal issues.

9. Counsel for the Defendants served to date have advised they support the relief requested in this Motion with the qualification that Defendants agreement to the relief requested herein shall not be construed as a waiver of any of Defendants' procedural defenses to either Adversary Proceeding.

## Conclusion

10. For the reasons stated herein, Plaintiff submits that consolidation of the Adversary Proceedings is appropriate under the circumstances, and that this Agreed Motion should therefore be granted.

WHEREFORE, Plaintiff requests the entry of an Order consolidating the Adversary Proceedings for all purposes, including trial, and for any other relief the Court deems appropriate.

Respectfully submitted this 10th day of August, 2020.

        AGENTIS, PLLC
*Counsel for Plaintiff*
55 Alhambra Plaza,
Suite 800 Coral Gables,
FL 33134
Tel: (305) 722-2002

By: /s/ Robert P. Charbonneau
    Robert P. Charbonneau, Esq.
    Fla. Bar No. 968234
    Email: rpc@agentislaw.com

-and-

CIMO MAZER MARK PLLC
*Co-Counsel for the Plaintiff*
100 S.E. 2nd Street, Suite 3650
Miami, FL 33131
Tel: (305) 374-6480
Fax: (305) 374-6488

By: /s/ David C. Cimo
    David C. Cimo, Esq.
    Fla. Bar No. 775400
    Email: dcimo@cmmlawgroup.com
    Marilee A. Mark, Esq.
    Fla. Bar No. 725961
    Email: mmark@cmmlawgroup.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on August 10, 2020.

By: /s/ David C. Cimo
    David C. Cimo, Esq.