**ORDERED.**

Dated:  June 15, 2022

_____
Jason A. Burgess
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
(JACKSONVILLE DIVISION)
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | CASE NO. 3:16-BK-002232-BAJ |
| | CHAPTER 11 |
| PREMIER EXHIBITIONS, INC. a/k/a | |
| PRYXIE LIQUIDATION CORP., *et al.*,[1] | (Jointly Administered) |
| Debtors. | |
| _____/ | |
| MARK C. HEALY of Michael Moecker & Associates, Inc., Liquidating Trustee, | ADV. NO. 3:18-ap-00064-BAJ (consolidated with) |
| Plaintiff, | |
| v. | |
| DAOPING BAO, | |
| Defendant | |
| _____/ | |

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Pryxie Liquidation Corp. (4922); Pryxie Liquidation 1P LLC (3101); Pryxie Liquidation 2A LLC (3101); Pryxie Liquidation 5I LLC (5075); Pryxie Liquidation 3N Inc. (9246); Pryxie Liquidation 4M LLC (3867), and Pryxie Liquidation 6D Corp. (7309).

| | |
|---|---|
| MARK C. HEALY of Michael Moecker & Associates, Inc., Liquidating Trustee, | ADV. NO. 3:20-ap-00051-JAF |
| Plaintiff, | |
| v. | |
| DAOPING BAO, *et al.*, | |
| Defendants. | |
| _____/ | |

**ORDER GRANTING LIQUIDATING TRUSTEE'S**
**<u>*ORE TENUS* MOTION TO COMPEL MEDIATION</u>**

THIS MATTER came before the Court on May 26, 2022, at 10:00 a.m. on the *ore tenus* Motion (the "Motion") of Plaintiff, Mark C. Healy, Liquidating Trustee (the "Trustee"), to Compel Mediation. The Court, having heard the arguments of counsel and being otherwise duly advised in the premises, finds good cause for the relief sought. Accordingly, it is

ORDERED as follows:

1. The Motion is GRANTED.

2. The mediation conference to be conducted pursuant to this Order shall be governed by the following procedures, protocols, and deadlines:

   a. The parties, with authority to settle, shall schedule and attend a mediation conference via Zoom or other comparable internet-based teleconference platform with a mutually agreed mediator. The mediation shall be concluded on or before September 30, 2022. In the event the parties are unable to reach an agreement as to the selection of the mediator, upon motion the parties may request the Court to appoint one.

   b. The parties may have any expert/consultant they deem appropriate attend the mediation subject to the protections of the mediation privilege, and to share the

2

    contents of their submissions with each of their respective consultants/experts under the protection of the mediation and settlement privileges.

c. Prior to the scheduled conference, the parties may exchange documents and information as may be mutually agreed, including mediation statements. The foregoing disclosures and exchange of mediation statements and information shall in no way serve to discharge the parties of whatever obligations the mediator may choose to impose as part of their standard procedures.

d. All documents and information to be exchanged between the parties shall be subject to confidentiality and claw back relief protections in the event of inadvertent disclosure of privileged, confidential, or work product information.

e. Nothing herein shall subject the Trustee or any other party to any motions to compel discovery, sanctions, or similar relief, as the parties are engaging in a voluntary process, and agree to use reasonable efforts to provide documents and information in preparation for the scheduled mediation conference.

f. The mediation privilege and the privilege afforded to settlement communications under applicable law shall be in effect and govern all aspects of scheduled conference, including the exchange of all communications, documents, and information leading up to, during, and after the conference (in the event negotiations continue following the conclusion of the scheduled conference).

g. Upon motion, the parties may request that the outside date to complete mediation be extended.

h. The cost of the mediator will be shared equally between (i) the Trustee, and (ii)

the Defendants.

# # #

Attorney David C. Cimo is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this order