UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

PREMIER EXHIBITIONS, INC. a/k/a
PRYXIE LIQUIDATION CORP., *et al.*,

    Debtors.   /

Chapter 11
Case No. 3:16-bk-2232-JAF
(Jointly Administered)

MARK C. HEALY as Liquidating Trustee,

Plaintiff,
v.

DAOPING BAO, *et al.*,

    Defendants.   /

Adv. Pro. 3:20-ap-0051-JAF
Adv. Pro. 3:18-ap-0064-JAF
(Consolidated for All Purposes)

## SUBPOENA TO TESTIFY AT A DEPOSITION IN AN ADVERSARY PROCEEDING

**To:** Representative(s) of Guernsey's, pursuant to Fed. R. Civ. P. 30(b)(6), with knowledge of the subject matters described on **Exhibit "A"** attached hereto.

Guernsey's, A Division of Barlan Enterprises, Ltd.
65 East 93 Street
New York, New York 10128

[ X ] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
**SEE EXHIBIT "A"**

| PLACE | DATE AND TIME |
|---|---|
| No location is being provided because the deposition will be conducted via Zoom or other comparable remote internet video platform due to COVID-19 restrictions and concerns, with login information to be provided in advance of the date of the deposition | August 22, 2022 at 10:00 a.m. EST |

The deposition will be recorded by this method: recorded by audio, audiovisual, and stenographic means by a videographer and a certified court reporter or some other Notary Public for the State of Florida at large.

[ X ] *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below he following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
**SEE EXHIBIT "B"**

| PLACE | DATE AND TIME |
|---|---|
| Agentis PLLC<br>55 Alhambra Plaza, Suite 800<br>Coral Gables, Fl 33134 | August 15, 2022 at 12:00 p.m. EST |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 5, 2022

_____
*Attorney's Signature*

The names, addresses, email addresses, and telephone numbers of the attorneys representing MARK C. HEALY as Liquidating Trustee, who issue or request this subpoena are: Robert P. Charbonneau, Agentis PLLC, 55 Alhambra Plaza, Suite 800, Coral Gables, Florida 33134, rpc@agentislaw.com, T. 305-722-2002 and David C. Cimo, Cimo Mazer Mark PLLC, 100 SE 2nd Street | Suite 3650, Miami, FL 33131 dcimo@cmmlawgroup.com, T. 305.374.6482.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

**I received this subpoena for (Name of individual and title, if any):** _____
**on (date)_____ .**

☐ I served the subpoena by delivering a copy to the named person as follows: _____

on _____ ; or

☐ I returned the subpoena unexecuted because:
_____
_____

Unless the subpoena was issued on behalf of the United States or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date:_____

_____
Server's signature

_____
Printed name and title

_____
Server's Address

Additional information concerning attempted service, etc.:

3

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*( (1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**

Fed. R. Civ. P. 45(a) Committee Note (2013)

- Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
- The party serving the subpoena should make reasonable provisions for prompt access.
- The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them

## DEFINITIONS

For purposes of this subpoena, the following definitions shall apply:

1. The term **"you"** or **"your"** shall mean and refer to Guernsey's and its principals, employees, agents, attorneys, assigns, affiliates, subsidiaries, predecessors, successors, joint venturers, partners, and entities acting on its behalf or under its control.

2. The term **"Debtors"** means (i) RMS Titanic, Inc., (ii) Premier Exhibitions, Inc. a/k/a Pryxie Liquidation Corp., (iii) Premier Exhibitions Management, LLC a/k/a Pryxie Liquidation 1P LLC, (iv) Premier Exhibitions International, LLC a/k/a Pryxie Liquidation 5I LLC, (v) Premier Exhibitions NYC, Inc. a/k/a Pryxie Liquidation 3N Inc. (vi) Premier Merchandising, LLC a/k/a Pryxie Liquidation 4M LLC, (vii) Dinosaurs Unearthed Corp. a/k/a Pryxie Liquidation 6D Corp, and (viii) Arts and Exhibitions International, LLC a/k/a Pryxie Liquidation 2A LLC, and all of the foregoing entities' predecessors, successors, principals, employees, agents, attorneys, assigns, affiliates, subsidiaries, or entities acting on their behalf or under their control.

3. The term **"Bankruptcy Case"** means the Debtors' above-captioned Chapter 11 bankruptcy case styled *In re: Pryxie Liquidation Corp, et al.*, Case No. 3:16-BK-002232-JAF.

4. The term **"Bankruptcy Court"** means the U.S. Bankruptcy Court for the Middle District of Florida.

5. The term **"Petition Date"** means June 14, 2016, the date on which the Debtors filed their petition for relief under Chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court.

6. The term "**Adversary Proceeding**" means the adversary proceeding entitled *Healy v. Bao, et al.* Adv. No. 3:18-ap-00064-JAF (consolidated with Adv. Proc. No. 20-ap-00051-BAJ), pending before the Bankruptcy Court.

7. The term "**Complaint**" means the *Adversary Complaint for Damages and Other Relief and Demand for Jury Trial* filed by the Plaintiff on April 20, 2020 in the Adversary Proceeding [ECF# 1].

8. The term "**Artifacts**" shall mean artifacts recovered from the RMS Titanic shipwreck.

9. The term "**Defendant Bao**" shall refer to Daoping Bao, a named defendant in the Adversary Proceeding.

10. The term "**Equity Committee**" shall refer to the Official Committee of Equity Security Holders of Premier Exhibitions, Inc. appointed in the Bankruptcy Case and includes any of the Equity Committee's members, representatives, and professionals.

11. As used herein, the term "**Document**" includes every writing, printed or graphic matter, or record of any type and description that is in your possession, control, or custody, or the possession, control, or custody of your agents, employees, attorneys, or representatives, including documents which were prepared by your agents, employees, attorneys or representatives, which did not leave the custody of the person preparing them, including without limitation, the original and any non-identical copy of any of the following: correspondence, memoranda, stenographic or handwritten notes (of meetings, conferences, and telephone or other conversations or communications), minutes of meetings, drafts, studies, publications, press releases, statements, transcripts of testimony, affidavits, summaries, excerpts, journals, diaries and calendar or diary entries, books, records, accounts pamphlets, voice recordings, reports,

surveys, tables, charts, statistical compilations, analyses, applications, work papers, forms, or other writing or recording of any kind. The term "document" also includes any commentary or notation of any kind which does not appear on the original or on another copy. Without limitation of the term "control", a document is deemed to be within your control if you have ownership, possession, or custody of the document or a copy thereof or the right or ability to secure the document or a copy thereof from any other person or public or private entity having physical possession thereof. Documents are only requested to be produced to the extent that they have not already been requested.

12. **"Person"** means any natural person or any entity, including, without limitation, any individual, firm, corporation, company, association, partnership, business, public agency, department, bureau, board, commission, or any other form of public, private, or legal entity.

13. Any reference herein, whether specific or within the term "person", to any public or private company, partnership, association, or other entity includes such entity's subsidiaries and affiliates and the entity's and its subsidiaries' and affiliates' present and former directors, officers, employees, attorneys, agents, or anyone acting for any of them at their direction, or under their control.

14. **"Relating to"** means containing, constituting, showing, mentioning, reflecting, or pertaining or referring in any way, directly or indirectly, to, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

15. **"ESI"** means electronically stored information, including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if



necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Rules of Evidence.

16. **"Materials"** means all documents, letters, memoranda, notes and any other written communication and written notes of all oral communications, whether in person or by telephone, and every record of every type, including but not limited to, information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored, including ESI, in your possession, custody or control, all drafts, notes, or preparatory material concerned with said document, and every additional copy of such record or document where such copy contains any commentary, notations, or other change whatsoever that does not appear on the original or other copy of the document produced. Also included in this definition is any summary of a document or documents called for hereafter. It is requested that all documents be produced in the manner they are kept in the ordinary course of business.

17. **"Record"** includes but is not limited to each and every book of account and other books of every kind, journals, ledgers, statements, instruments, files, messages, writings of every kind, and other internal or other data and other information of every description made or received in the regular course of business or otherwise, regardless of the mode in which it is recorded; the original of any such record includes the data or other information comprising a record stored or transmitted in or by means of any electronic, computerized, mechanized, or other information storage or retrieval or transmission system or device which can upon request generate, regenerate, or transmit the precise data or other information comprising the record, and an original also includes the visible data or other information so generated, regenerated, or transmitted if it is legible or can be made legible by enlargement or other process.

iv



18. The terms "**refer to,**" "**relate to,**" "**referring to,**" "**relating to,**" "**with respect to,**" "**regarding,**" or "**reflecting**" means to make statement about, discuss, describe, reflect, constitute, contain, concern, embody, mention, identify, deal with, consist of, establish, comprise, list, evidence, support, corroborate, demonstrate, prove, evidence, show, substantiate, or in any way pertain in whole or in part, to the subject.

19. "**Communication(s)**" means any verbal, written, or electronic means of conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting, telephone conversation, or electronic conversation whether by instant message or electronic mail.

20. "**Copies**" of documents includes, but is not limited to, duplicates or counterparts of any original produced from the same impression or process as the original by carbon or other chemical or substance or process; negative and positive film and prints of an original or copy of reproductions and facsimiles of an original or copy, whether or not the same size, produced by photographic, micro-photographic, photostatic, xerographic, electronic, computerized, or mechanized process, or by any other process, and enlargement and reductions thereof; and the data or other information comprising a record stored or transmitted as provided in the preceding definition of "Record," and the visible data or other information generated or regenerated or transmitted by such information storage or retrieval or transmission system or device, if it is legible or can be made legible by enlargement or other process.

21. The terms "**and,**" "**or,**" "**each,**" "**all,**" and "**any**" as used herein are terms of inclusion and not of exclusion, and shall be shall be construed as necessary in each case to make each Request inclusive rather than exclusive.

v



22. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form, and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; the masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form, and vice versa; the term "including" means "including without limitation".

23. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

24. Each and every definition as set forth in Bankruptcy Code Section 101 and Bankruptcy Rule 9001 is incorporated herein by reference.

## INSTRUCTIONS

Each document request set forth herein (together, the "**Requests**" and each, a "**Request**") shall be answered separately and fully in writing, unless it is objected to, in which event you shall state the reason(s) for such objection and shall answer to the extent the Request is not objectionable.

In producing documents requested herein, you shall produce documents in full, without abridgment, abbreviation, and expurgation of any sort.

These Requests call for the production of the original document(s) or tangible thing(s), to the extent that they are in or subject to, directly or indirectly, the possession, custody or control of the party to whom these requests are addressed. In addition, each Request should be considered as including a request for separate production of all copies, and to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other

vi



copies thereof). If "e-mail" is responsive to any of the requests set forth below, the responsive e-mails should be retrieved, printed out, and produced.

In responding to these Requests you are required to produce those materials within your custody or control, and in addition, those in the possession of or obtainable by your attorneys, investigators, adjusters, insurance carriers, representatives, agents or anyone acting on your behalf. A document or tangible thing is in your "possession, custody or control" if it is in the possession, custody or control of your representatives, attorneys, agents, servants, employees, investigators, or consultants and you have the right or ability to obtain the document or tangible thing, regardless of its source or present location, and regardless of cost.

If, in responding to any Request, you withhold production of any document on the ground of a privilege not to disclose the document, please state with respect to each such document:

a. The type of document involved and a general description of the context of the document;
b. The date of the document or communication;
c. The name, business and residence addresses, telephone numbers, and position of the individual from whom the document emanated;
d. The name, business and residence addresses, telephone numbers, and position of each individual to whom the document or documents were sent;
e. The privilege upon which you rely in withholding the document;
f. The facts upon which you rely in support of your claim that they were privileged to withhold the document or documents; and
g. The names, business and residence addresses, telephone numbers, and positions or occupations of individuals known or believed by you to have knowledge concerning the factual basis for your assertion of privilege with regard to the document.

With respect to any document or tangible thing requested, should the document be presently unavailable and/or if such document is not presently in your possession, custody or control or has been destroyed or discarded, please identify such document or tangible thing by providing:



a.  the type or character of the document or tangible thing (e.g. letter, memorandum, etc.);
b.  the title, if any, of the document or tangible thing;
c.  the date of the document, number of pages, and attachments or appendices;
d.  the names and addresses of: (1) the author(s); (2) the addressee(s); (3) all recipients of copies of the document; and (4) all persons to whom the document was distributed, shown or explained;
e.  any indicated blind copies;
f.  a summary of all information and subject matter contained in each such document or tangible thing;
g.  the date and circumstances under which each such document or tangible thing ceased to be in your possession, custody, or control; and
h.  the name of each person you have reason to believe had or has knowledge of its contents.
i.  its date and destruction or discard, manner of destruction or discard, and reason for destruction or discard and the names and addresses of the persons authorizing or carrying out such destruction or discard

If, in answering any of these Requests, you encounter any ambiguity in construing either the individual production request or a definition or instruction relevant to that production request, set forth the matter deemed ambiguous and the construction selected or used in answering the production request.

If a Request, or a definition or instruction is objected to in whole or in part, specify all grounds on which the objection rests. Respond to all portions of each such request to which no objection is asserted. In addition, state whether any responsive information has been omitted from a response to any production request or whether and in what way the search for responsive information has been delimited or circumscribed on the basis of any such objection. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the Court for good cause shown.

These Requests are continuing in character under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure so as to require you to file supplementary answers promptly whenever you obtain further or different information responsive to these production

viii



requests. Should you be unable to respond to any production request or any portion thereof at this time, you should respond promptly when you are able to provide any responsive information.

It is requested that to the extent possible, all documents produced in response to each specific request be arranged in separate categories identified by the paragraph number of, the request to which such documents are responsive.

## TIME LIMITATION

Unless otherwise specified in a Request, the Requests sought for each category of documents are for the period beginning on the date on which you were first contacted or retained to provide any services relating to the Debtors or the Artifacts.

agentis

55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

## EXHIBIT "A"

### The Rule 30(b)(6) Deposition Topics:

All business dealings, communications, transactions, agreements, and understandings between and among the Debtors, you (or your company), and any third parties relating to the Debtors or the Debtors' assets, including but not limited to the Artifacts, and the substance of all services you (or your company) provided to the Debtors.

All business dealings, communications, transactions, agreements, and understandings between you (or your company) and the Equity Committee, and the substance of any services you (or your company) provided to the Equity Committee.

The substance of all declarations you provided in connection with your (or your company's) proposed retention by the Equity Committee in the Bankruptcy Case, including but not limited to the valuation of any Artifacts set forth therein.

All efforts, business dealings, communications, transactions, agreements, and understandings regarding any potential sale or auction by you (or your company) of the Artifacts or other assets owned by the Debtors, both prior to and during the Bankruptcy Case.

All efforts, business dealings, communications, transactions, agreements, understandings, and results of any auctions or sales conducted by you (or your company) of any Artifacts relating to the RMS Titanic (by whomever owned).

The basis and substance of any appraisals of the Artifacts conducted by or relied upon by you (or your company).

agentis

55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

## EXHIBIT "B"

## DOCUMENT REQUESTS

1. A copy of your entire file and all records relating to the Artifacts and the auction or sale thereof, and your engagement to provide services relating thereto.

2. All documents, information, and materials considered or prepared by you in connection with the marketing, sale, or auction of the Artifacts.

3. All communications and documents exchanged between you and any person regarding the Artifacts, including <u>but not limited to</u> the Debtors, appraisers, and potential purchasers of the Artifacts.

4. All communications, documents, materials, and information exchanged between you and the Debtors regarding the Artifacts and the potential sale of any portion thereof in the Bankruptcy Case.

5. All communications, documents, and information exchanged between you and the Equity Committee regarding the Artifacts and the potential sale of any portion thereof.

6. All documents, records, and materials relating to any opinions or declarations you provided to the Equity Committee or the Debtors regarding the value of the Artifacts or any portion thereof.

7. All documents and records reflecting the outcome, purchase price, or bids received in connection with any auction or sale of Artifacts from the RMS Titanic (by whomever owned), including but not limited to the proposed auction of certain Artifacts by Guernsey's advertised to occur in late Spring 2022.

