# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 3:16-BK-002232-JAF |
| PREMIER EXHIBITIONS, INC. a/k/a | |
| PRYXIE LIQUIDATION CORP., *et al* | CHAPTER 11 |
| | (Jointly Administered) |
| Debtors, | |
| _____/ | |
| MARK C. HEALY of Michael Moecker & Associates, Inc., Liquidating Trustee under the Liquidating Trust Agreement formed and Implemented pursuant to the Debtors' confirmed First Amended Chapter 11 Plan of Liquidation, | |
| Plaintiff, | |
| v. | |
| DAOPING BAO, MICHAEL EVANS, SID DUTCHAK, MINGCHENG TAO, JEROME HENSHALL, MARK BAINS, and GUO "DAVID" DING, | ADV. NO. 20-00051-JAB |
| | (consolidated with ADV. NO. 3:20-ap-00064-JAB) |
| Defendants. | |
| _____/ | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND CROSS-MOTION FOR PROTECTIVE ORDER

Defendants, Daoping Bao ("Bao"), Michael Evans ("Evans"), Sid Dutchak ("Dutchak"), Jerome Henshall ("Henshall"), Mark Bains ("Bains"), and Guo "David" Ding ("Ding," and collectively with Bao, Evans, Dutchak, Henshall, and Bains, the "Defendants")[1], respond to Plaintiff, Mark C. Healy's ("Plaintiff" or "Trustee"), *Motion for Protective Order Against Defendants' Notice of Taking Deposition of Plaintiff Pursuant To Fed. R. Civ. P. 30(b)(6)* (the "Motion") [D.E. 192], and moves the Court for a protective order as to the Defendants' depositions, which are noticed for March 14th through the 30th, 2023. *See* [D.E. 187].

I. **Introduction**

Nearly three years ago, on April 20, 2023, Plaintiff filed suit[2] against four of the Debtors' former directors, Evans, Dutchak, Bains, and Ding, and two former officers and directors, Bao and Henshall, broadly alleging supposed breaches of fiduciary duty that relate to the sale of the Debtors' assets to alleged affiliates of Bao at a discounted price. Plaintiff refers to these assets — which include, among other things, artifacts from the Titanic shipwreck — as the "Business Assets" in his various filings.

In short, the Complaint [D.E. 1[3]] makes the following barebones claims, all of which the Defendants deny: (a) Bao breached his fiduciary duties owed to Premier Exhibitions, Inc. ("Premier") by "engaging in action and inaction in furtherance of the interests of insiders and/or others, rather than in the best interests of the Debtors" [Compl., at ¶ 63]; (b) Bao otherwise

---

[1] For purposes of this motion, the Defendants other than Bao – Evans, Dutchak, Henshall, Bains, and Ding – are collectively referred to as the "Director Defendants."
[2] A prior lawsuit, Adv. Nos. 00064-JAF (the "2018 Lawsuit"), was filed against Bao only. On August 28, 2020, the Court entered an order consolidating Adv. Nos. 00051-JAF (the "2020 Lawsuit") and the 2018 Lawsuit for all purposes, including trial. *See* D.E. 65.
[3] Unless noted otherwise, citations herein are to filings in the 2020 Lawsuit.

breached his duties of care and good faith to Premier [*Id.*]; and (c) the Director Defendants breached their oversight duties by failing to monitor, oversee, or supervise the activities of Bao [Compl., at ¶ 78]. In addition, the Complaint vaguely alleges that Defendants breached their duties by "actions or inactions" that are not "necessarily limited" to the boilerplate allegations contained in the Adversary Complaint [*See, e.g.*, Compl. ¶¶ 63 and 77]. The Trustee also suggests that the Debtors' assets were sold at a deep discount at a Court-approved 11 U.S.C § 363 sale [*See, e.g. Id.*. at ¶ 46].

Over the past year and a half, despite diligent efforts of Defendants, the Trustee has successfully avoided having to disclose the facts and documents which he claims support his vague claims. The Director Defendants first asked the Court to dismiss the Complaint as the lack of detail and precision in its allegations and impermissible grouping of defendants rendered the lawsuit impossible to defend. [*See* D.E. 36]. Subsequently, Defendants propounded contentional interrogatories in an attempt to force Plaintiff to provide the factual underpinnings for his Complaint [*See* D.E. 119]. To date, the Trustee has provided limited/partial discovery responses that allegedly support his case on the ground that as a trustee, he has limited personal knowledge. For instance, in May 2022, the Trustee opposed the Defendants' *Joint Motion to Compel Plaintiff to Produce Documents as They are Held in the Normal Course of Business and to Provide Better Interrogatory Answers to Interrogatories* ("Joint Motion") [D.E. 119] by arguing that he could not provide better answers because he is a "liquidating trustee who lacks first-hand, personal knowledge of all facts relating to the D&O Claims" and because "discovery in this matter is in its nascent stages" [*See* Trustee's Objection to the Joint Motion, ¶ 67 [D.E. 131]]. Further efforts by Defendants to understand the allegations set forth in the Complaint, including another motion to

compel [D.E. 175], and a review of all potential exhibits which Plaintiff intends to utilize in this matter have done little to shed further light.

Now, several years into the process, on the eve of all party depositions—and nearly two months after the Defendants provided the Trustee's counsel with a list of corporate representative deposition topics —the Trustee takes the position that he cannot be deposed under *Fed. R. Civ. P.* 30(b)(6) on any designated topic because he lacks personal knowledge.

Clearly, the law requires that the Complaint's allegations be supported by one or more individuals with factual knowledge, and Defendants are entitled to understand the basis for the factual allegations and cross examine those with supposed knowledge. *See Fed. R. Civ. P.* 11(b). Further, respectfully, the Trustee's position is contrary to law. *Industrial Engineering & Development, Inc v. Static Control Components, Inc*. 2014 WL 4983912, *3 (M.D. Fla. Oct. 6, 2014) (A "Rule 30(b)(6) deposition does not require the Rule 30(b)(6) deponent to have personal knowledge of the matters to which testifies . . . a Rule 30(b)(6) deponent presents the knowledge, opinions or positions of the corporation, not of the deponent"); *U.S. v. Bartesch,* 110 F.R.D. 128 (N.D. Ill. 1986) (holding that the order of depositions in subject to the Court's discretion). Hornbook federal law provides that "[m]utual knowledge of all the relevant facts . . . is essential to proper litigation . . . [and] either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

Following mediation, counsel for the parties exchanged emails and attended multiple meet and confer conferences regarding party depositions. Defendants' counsel repeatedly stated its position that Plaintiff's deposition shall be taken prior the Defendants, due, in large part, to Defendants' lack of knowledge of what if anything supports Plaintiff's lawsuit.  The parties then

Case 3:20-ap-00051-BAJ Doc 193 Filed 02/20/23 Page 5 of 19

Defendants' Response in Opposition to Plaintiff's Motion for Protective Order and Cross-Motion for Protective Order
*Adv. No. 20-00051*
Page 5 of 19

proceeded to set depositions, with Plaintiff's occurring first, and the Defendants' taking place later that month out of the country.

The Defendants, anticipating negotiation over the scope of the Trustee's Rule 30(b)(6) deposition, served proposed deposition topics ("Initial Deposition Topics") on the Trustee's counsel two months ago, on December 12, 2022. [4] *See Kaye v. Lone Star Fund V (U.S.), L.P.*, 2012 WL 13093400 (N.D. Tex. Mar. 23, 2012) (holding that where a company in liquidation has nobody available to testify on behalf of the corporation, the liquidating trustee is a proper deponent and "has an obligation to be prepared to testify as a Rule 30(b)(6) spokesperson, however irksome the task may be"). Defendants filed a notice of taking deposition with the Initial Deposition Topics on February 8, 2023, after the parties resolved scheduling conflicts [D.E. 189].

While Trustee's counsel previously noted their desire to meet and confer on the areas of inquiry, the Trustee's counsel did not address the Initial Deposition Topics in substance until February 13, 2022, shortly before party depositions were set to begin. Trustee's counsel noted objections to <u>every single</u> proposed topic, based on, among other things, the Trustee's lack of personal or independent knowledge [*See* **Exhibit A**]. On February 15, 2023, two days after receiving the Trustee's objections to the Initial Deposition Topics, the Defendants sent the Trustee's counsel revised topics (the "Revised Deposition Topics") and invited the Trustee's counsel to comment [*See Id*]. The Trustee's counsel did not do so other than to reiterate his previous objections. Throughout this entire exercise, the Trustee's counsel never proposed

---

[4] While a corporation has the right to choose its corporate representative(s) under Federal Rule 26, the parties conferred and discussed on the several types of corporate representative depositions that could be taken. *See infra* at Exhibit C.

revisions to the deposition topics. Instead, the Trustee waited two months to advise the Defendants that he objects to sitting for a Rule 30(b)(6) deposition on any topic on which he does not have personal knowledge.

Incredibly, notwithstanding Plaintiff's successful arguments on the Defendants' *Joint Motion to Compel* [D.E. 119] and Defendant Bao's Motion to Compel with respect to Bao's first set of requests for admission [D.E. 175], which have been denied without prejudice and set for continued hearings, Plaintiff now takes the position that the areas of inquiry "can be better addressed through alternative means of discovery" [*See* **Exhibit B**]. *F.D.I.C. v. Hutchins,* 2013 WL 12109446 *3 (N.D. GA Oct. 25, 2013) (explaining that Rule 30(b)(6) deponents must educate themselves on the designated topics, and "[p]roducing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent").

In addition, the Trustee seeks to depose the Defendants first, which is contrary to the implicit agreement amongst counsel. The Trustee's Motion is part of a continuing effort akin to a pre-suit investigation *years after filing* suit (and several years more after identical claims were made in the underlying bankruptcy case). Trustee deflects by arguing that the Defendants have personal knowledge of the facts, while Trustee does not, and ironically accuses the Defendants of "gamesmanship"[5] (by way of a procedurally proper and commonplace event in litigation – setting

---

[5] As set forth below, there was no dispute for three months that Trustee was going to be deposed first, both in his representative and individual capacity, in this proceeding. The only gamesmanship involved is Trustee and his counsel waiting silently for months (with Defendants' proposed topics in hand) to object, presumably to argue at the February 22, 2023 hearing that international travel has already been booked to take some of the Defendants' depositions. *See supra* below for email exchanges between counsel; *see also* M.D. Fla. Discovery Handbook II(A)(4)(a) ("*Conference*. Before or promptly after the notice or subpoena [for corporate

Case 3:20-ap-00051-BAJ Doc 193 Filed 02/20/23 Page 7 of 19

Defendants' Response in Opposition
to Plaintiff's Motion for Protective
Order and Cross-Motion for
Protective Order
*Adv. No. 20-00051*
Page 7 of 19

a corporate representative deposition) in its Motion. Trustee's accusation is misplaced. Trustee has spent almost three years making very serious accusations against the Defendants (after such accusations were expressly debunked by the late Judge Glenn), all-the-while failing to produce <u>meaningful</u> discovery.

At best, Trustee's tactics should be viewed as an attempt to force the Defendants, at their own expense, to investigate the Trustee's case for him by interviewing witnesses and reviewing the documents to attempt to discern facts underlying the Trustee's claims, while the Trustee sits backs and puts the burden and expense on others. The Trustee filed this case nearly three years ago and has had ample time to familiarize himself with the facts that support his Adversary Complaint. The Trustee should be deposed first so that the Defendants have an understanding of the facts that support the Trustee's claims.

**II. <u>Abbreviated Procedural Background</u>**

1. On June 14, 2016, the Debtors commenced voluntary chapter 11 proceedings in this Court.

2. Over two years later, on October 19, 2018, after multiple contested evidentiary hearings, the Court approved the sale of most of the Debtors Assets to a third party.

3. On January 25, 2019, *after the sale* and more than four years ago, the Court entered an order appointing Mark C. Healy as Responsible Person and substituting him in as plaintiff in the 2018 Lawsuit in the Equity Committee's place [Main Bankruptcy Case D.E. 1311]. On the same day, the Court entered its *Consent Order Granting Motion to Appoint a Responsible Person*

---

representative deposition] is served, the serving party and the organization must confer in good faith about the matters for examination").

*as Substitute Plaintiff in the Adversary Proceeding Against Certain of the Debtors' Current and Former Directors and Officers*. [2018 Lawsuit, D.E. 25]. Plaintiff was the appointed responsible person. [*Id.*].

4. On April 20, 2020, almost three years ago, Plaintiff filed the *Adversary Complaint* in the 2020 Lawsuit [D.E. 1], and his first amended adversary complaint against Bao only in the 2018 Lawsuit [D.E. 54].

5. On May 5, 2022, Defendants filed their *Joint Motion to Compel Plaintiff to Produce Documents as they are Held in the Normal Course of Business and to Provide Better Answers to Interrogatories* (the "Joint Motion to Compel") [D.E. 119].

6. By ways of example, the Defendants moved to compel better answers to the following interrogatories, which were met by wholesale objections or reference to answers to other interrogatories, which did not answer the interrogatories:

> 8. State factually and in detail the basis for the contention in paragraph 42 of the adversary complaint that "upon information and belief, Bao secretly advised and provided inside information to PacBridge, which caused PacBridge to reduce the amount it was willing to pay for the Business Assets from over $50,000,000.00 to $30,000,000.00", and identify all documents supporting or relating to such contention.
>
> 11. Describe each communication, written or verbal, between Daoping Bao, on the one hand, and Haiping Zou, Lange Feng, Jihe Zhang and/or any other purported "insider", on the other hand, in which Daoping Bao allegedly secretly advised and provided insider information to PacBridge.

[*See* D.E. 119-1 at p.8, and 119-5 (filed under seal)].

Case 3:20-ap-00051-BAJ   Doc 193   Filed 02/20/23   Page 9 of 19

Defendants' Response in Opposition
to Plaintiff's Motion for Protective
Order and Cross-Motion for
Protective Order
*Adv. No. 20-00051*
Page 9 of 19

> 3. With respect to the allegations set forth in Paragraph 23 of the Adversary Complaint, what reporting systems should Defendants have put in place and state damages caused by the alleged lack of such systems.
>
> 4. With respect to the allegations set forth in Paragraph 30 of the Adversary Complaint, state what the Defendants should have/could have done to ensure "adequate capitalization and liquidation value."

[*See* D.E. 119-3 at p. 6].

7. Plaintiff filed an objection to the *Joint Motion to Compel* [D.E. 131].

8. The *Joint Motion to Compel* was continued by the Court [D.E. 134]. The Court noted at a later hearing that the *Joint Motion to Compel* is denied without prejudice but has re-set it for hearing for each status conference [*e.g.* D.E. 151].

9. More recently, Defendant Bao filed a *Motion to Compel Adequate and Complete Responses to Request for Admissions* ("Bao's Motion to Compel") [D.E. 175].

10. Plaintiff filed an *Objection* to Bao's *Motion to Compel* [D.E. 183].

11. Bao's *Motion to Compel* was denied without prejudice [D.E. 185].

12. As early as November 3, 2022, counsel for defendant Bao suggested working on a deposition schedule [*See* **Exhibit C].**

13. Beginning on December 1, 2022, counsel for the parties discussed a corporate representative deposition of Plaintiff [*See* **Exhibit D]**.

14. Later that week, and more than two months ago, as counsel were coordinating depositions and conferring on extensions of time to respond to written discovery, Mr. Bao's counsel made clear his position that Plaintiff's deposition should be taken prior the Defendants

[*See* **Exhibit E**].

15.     On December 12, 2022, counsel for the Defendants circulated areas of inquiry to Plaintiff's counsel for Plaintiff's corporate representative deposition [*See* **Exhibit F**].

16.     On February 14, 2023, a mere eight days prior to the status conference and approximately two weeks prior to Plaintiff's corporate representative deposition, Plaintiff, for the first time, took the position that Plaintiff, in his representative capacity will only testify on matters occurring after he was appointed as responsible person in the 2018 Lawsuit on January 25, 2019 [*See* D.E. 25 in the 2018 Lawsuit].

17.     However, the Adversary Complaint concerns the time period *prior* to 2019. For instance, the Trustee alleges that all Defendants, "from and after November 2, 2015," committed a variety of nebulous breaches of duty [Compl [D.E. 1 at ¶¶ 21-23]. Thus, the Trustee seeks to avoid testifying about the factual allegations in his own Adversary Complaint.

### III.  Defendants' Response to Trustee's Motion for Protective Order

#### a.  The Trustee's Lack of Personal Knowledge Does Not Excuse Him from a Rule 30(b)(6) Deposition

First, the Trustee's alleged lack of personal knowledge many years into the litigation cannot prohibit his Rule 30(b)(6) deposition. It is elementary that a "Rule 30(b)(6) deposition does not require the Rule 30(b)(6) deponent to have personal knowledge of the matters to which testifies . . . .". *Industrial Engineering & Development, Inc v. Static Control Components, Inc.* 2014 WL 4983912, *3 (M.D. Fla. Oct. 6, 2014). Courts regularly allow Rule 30(b)(6) depositions of fiduciaries that do not have personal knowledge—<u>especially when the case has been pending for years</u>. For example, in *FDIC v. Hays*, 1998 WL 1782547 (W.D. Tex., Jan. 9, 1998), the FDIC, as

receiver, resisted a Rule 30(b)(6) deposition by arguing that "the FDIC did not have anyone with personal knowledge of the facts and circumstances giving rise to the liability of the defendants." The FDIC argued that it would be necessary for its counsel to "teach" the witness the case. The *Hays* court originally granted the FDIC relief and prohibited a Rule 30(b)(6) deposition early in the case but reversed itself years later and allowed a Rule 30(b)(6) deposition to go forward to prevent a "trial by ambush." *Id*. at *1.

Likewise, in *Kaye v. Lone Star Fund V (U.S.), L.P.*, 2012 WL 130943400 (N.D. Tex., Mar. 23, 2012), a liquidating trustee resisted a Rule 30(b)(6) deposition on the same grounds as the Trustee does here: he claimed that he had no "personal knowledge of the facts underlying the claims in the complaint"; that it would be "unduly burdensome for him to have to conduct an independent investigation"; and that the "individual Defendants themselves have more knowledge than he does." *Id.* at *2-3. The court nevertheless compelled a Rule 30(b)(6) deposition on non-privileged topics, noting that "in this case, the Plaintiff Trustee brought this suit in November 2009 and thus has had well over two years to become acclimated to it and learn the underlying facts about which Defendants seek to question him." *Id*.

The Trustee has been pursuing claims against the Debtors' directors and officers for over four years through multiple lawsuits, including the main bankruptcy case and the two consolidated adversary proceedings before the Court. The Trustee has had access to the Debtors' books, records, and the attendant privileges since his appointment in 2019. The Trustee, as plaintiff, is supposed to have factual support for his Adversary Complaint (which the Defendants deny), and the Defendants are entitled to discover the alleged factual support as well as the facts that the Trustee has learned in the nearly three years since he filed his Adversary Complaint. *See, e.g.*

*FDIC v. Brudnicki*, 2013 WL 5814494, *4 (N.D. Fla. Oct. 29, 2013) ("The Rule 30(b)(6) witness is not required to be prepared to explain the expert opinions and conclusions about how and why Defendants' behavior may have fallen below the standard of care for bank directors and officers but only any facts which the FDIC is aware that support this view."). *Id*.

Importantly, the Trustee's Motion mischaracterizes what is required of him under Rule 30(b)(6), to make it seem as if the Defendants are unfairly compelling him to perform an impossible undertaking. To the contrary, the Defendants ask the Trustee to comply with basic discovery obligations. As the Trustee puts it, he would need to sort through terabytes of the Debtors' books and records and even address topics that are not in the Debtors' records [Motion at ¶ 32]. The Defendants do not expect the Trustee to sit and recite thousands and pages of documents during a Rule 30(b)(6) deposition, nor can he learn about records that do not exist. The Defendants are not asking for, nor does Rule 30(b)(6) require "absolute perfection." *Fuentes v. Classica Cruise Operator, Ltd., Inc*., 32 F. 4th 1311, 1322 (11th Cir. 2022).

In his Motion, the Trustee relies on factually distinguishable cases to support his bald assertions of undue burden because of his lack of personal knowledge. The Trustee relies upon *FDIC v. Wachovia Insurance Services, Inc.*, 2007 WL 2460685 (D. Conn., Aug. 27, 2007), but that case involved a drastically different Rule 30(b)(6) notice, which sought testimony relating to the *entire federal government's actions*, rather than just the FDIC's as receiver. As the *Wachovia Ins. Services, Inc.* court noted, the FDIC not being involved in the failed bank prior to its appointment as a receiver "does not, standing alone, relieve it of its obligation to designate a Rule 30(b)(6) deponent." *Id*. At *2. Instead, it bears upon the reasonableness of the discovery requested. *Id*. The Trustee has not made any effort to show that specific topics are unreasonable but it objects

to a Rule 30(b)6) deposition as a whole based on his lack of personal knowledge. *Compare to FDIC v. Amos*, 2014 WL 12516260 (N.D. Fla., May 30, 2014) (quashing a Rule 30(b)(6) notice but examining each topic in its analysis) (cited by Trustee).

### b. The Trustee Cannot Avoid a Deposition on Privilege Grounds

The Trustee also raises a blanket privilege objection to the Initial Deposition Topics and Revised Deposition Topics, claiming that he has obtained most of his knowledge about this case through counsel. Taking the Trustee's argument to its logical conclusion, no court-appointed fiduciary whose involvement post-dates alleged bad acts would ever have to sit for a Rule 30(b)(6) deposition. That is not the law. *See, e.g. Kaye*, *supra*. But more importantly, the Trustee's concerns about the disclosure of privileged information cannot serve as the basis for a protective order. The Rule 30(b)(6) topics do not clearly call for work product discovery or attorney-client privileged communications. *Compare to SEC v. McGinnis*, 2015 WL 03505396, *4-5 (D. Vermont, Jan. 13, 2015) (granting protective order because Rule 30(b)(6) topics clearly sought the mental impressions of SEC counsel). If counsel is concerned about work product, then counsel can instruct the Trustee not to answer a question during the deposition. *Fed. R. Civ. P*. 30(c)(2).

Moreover, a fact being communicated by or to an attorney does not mean it is privileged. *Kaye*, 2012 WL 13093400, *3, *supra*. The Trustee has known about the proposed scope of the Rule 30(b)(6) deposition for months, yet made no effort to propose narrowed topics or suggest a procedure to address potentially privileged topics. The Trustee's privilege concerns are another excuse whereby the Trustee wants to put the burden of investigating the case on the Defendants. There are adequate ways to address privilege that do not require a protective order prohibiting a deposition as a whole.

### c. Document Production and Interrogatories Are Not a Substitute for a Deposition

Finally, the Trustee contends that the Defendants can obtain the same facts by reviewing the documents the Trustee has shared with them and through contention interrogatories. Neither document production nor interrogatory answers are a substitute for a Rule 30(b)(6) deposition. *Hutchins,* 2013 WL 12109446 at *3 ("[p]roducing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent").

By asking the Defendants to review the same documents, the Trustee essentially asks the Defendants—at their own expense—to investigate a case against themselves on the Trustee's behalf, while the Trustee does nothing to narrow the universe of disputed facts and claims. This would not be a more efficient method of discovery, as the Trustee claims, but an expensive and burdensome undertaking whereby the Defendants have to read the Trustee's mind to anticipate every possible relevant fact that supports the Trustee's claims.

Likewise, the Trustee's suggestion to rely on contention interrogatories should not be taken seriously at this juncture. The Trustee resists answering contention interrogatories at every turn.[6] Indeed, the Defendants served the Trustee contention interrogatories specifically to *narrow the claims and defenses* in this case. *Arthrex, Inc. v. Parcus Medical, LLC* 2012 WL 12904172 *2 (M.D. Fla., June 25, 2012) ([r]equests for opinions or contentions that call for the application of law to fact … can be most useful in narrowing and sharpening the issues, which is a major purpose

---

[6] On the same day Trustee filed the Motion, he served unverified supplemental answers to two of Bao's interrogatories. In the Defendants' opinions, Trustee's supplemental answers do not come anywhere near clarifying Trustee's claims to a degree that those answers could substitute for Trustee's corporate representative deposition.

of discovery."). The Trustee himself has, other than a recent update to the Defendant Bao's Interrogatories, refused to provide that information, giving rise to the current state of discovery.

### IV. Defendants' Cross-Motion for Protective Order

By failing to provide Defendants with any meaningful information prior to the Defendants' depositions, Plaintiff is, in essence attempting to take a Rule 2004 examination of the Defendants prior to having to take a position in this lawsuit; this is notwithstanding the geriatric status of this litigation. The Trustee is using a mature adversary proceeding to go on a fishing expedition. Without being able to learn the specifics of Plaintiff's claims both by written discovery and deposition, Plaintiff's vague claims in these adversary proceedings can conveniently be morphed into whatever theory Plaintiff desires in the future. Additionally, it makes it impossible for the Defendants to prepare for their depositions (and a defense in general) as underlying bankruptcy proceedings occurred over more than two years beginning almost seven years ago.

The parties have set depositions in these adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7030 and M.D. Fla. B. Local Rule 7030-1. Unlike a Rule 2004 examination, which "is commonly recognized as more in the nature of a fishing expedition", under "[t]he 'pending proceeding' rule, [] once an adversary proceeding or contested matter has commenced, discovery is made pursuant to Federal Rule of Bankruptcy Procedure 7026 *et seq.*, rather than by [Rule] 2004 examination." *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (citations omitted). The Court explained:

> The reasons supporting these restrictions on the use of Rule 2004 examinations are twofold. First, the discovery rules apply both in adversary proceedings and contested matters. *See* Fed. R. Bankr.P. 7001 & 9014(c). Furthermore, a Rule 2004 examination does not provide the same procedural safeguards as Rule 7026. For example,

>  a witness has no general right to representation by counsel during a deposition, and the right to object to immaterial or improper questions is limited. *In re Dinubilo*, 177 B.R. 932, 940 (E.D.Cal.1993).

*Id*.

While Plaintiff has provided the Defendants with its exhibit register, that was agreed to as a compromise for Plaintiff's having produced 47 terabytes of documents to the Defendants. This demonstrably does not protect the Defendants from being taken on a fishing expedition or from oppression and undue burden and expense. For example, Plaintiff's exhibit register contains fifty-one (51) entries for drafts and final copies of the meetings of the minutes of the board of directors and of a special committee. Thus, while Plaintiff has limited the physical documents he may present to the Defendants at their depositions, he has <u>not</u> provided any clarity as to any of the *facts* underlying his claims, and has <u>not</u> taken any position on any of the ultimate issues in these cases.

This falls squarely within Federal Rule of Civil Procedure 26(c)'s requirement of "good cause" to protect the Defendants from oppression, undue burden and expense. Fed. R. Civ. P. 26(c)(1).

Indeed, Trustee's proposed discovery plan presented at the eleventh hour is oppressive to the Defendants, prejudices the Defendants from preparing their defense and for the depositions, and constitutes undue burden and expense. *See* Fed. R. Civ. P. 26(c).

Case 3:20-ap-00051-BAJ    Doc 193    Filed 02/20/23    Page 17 of 19

Defendants' Response in Opposition to Plaintiff's Motion for Protective Order and Cross-Motion for Protective Order
*Adv. No. 20-00051*
Page 17 of 19

## V. Conclusion

Based on the foregoing, the Defendants respectfully request that the Court: (a) deny Plaintiff's Motion for Protective Order Against Defendants' Notice of Taking Deposition of Plaintiff Pursuant To Fed. R. Civ. P. 30(b)(6); and (b) enter a protective order prohibiting the Defendants' depositions from proceeding until Plaintiff sits for a corporate representative deposition.

Respectfully submitted,

**RENNERT VOGEL MANDLER & RODRIGUEZ, P.A.**
Counsel for Defendants, Jerome Henshall, Michael Evans, Sid Dutchak, Mark Bains and Guo "David" Ding
Miami Tower
100 S.E. Second Street, Suite 2900
Miami, Florida 33131
Telephone: (305) 577-4177
Facsimile: (305) 373-0791

By */s/ Robert M. Stein*
Robert M. Stein
Florida Bar No. 093936
rstein@rvmrlaw.com
dsuazo@rvmrlaw.com
Jeffrey A. Tew
Florida Bar No. 121291
jtew@rvmrlaw.com

**MITRANI, RYNOR, ADAMSKY & TOLAND, P.A.**
Attorneys for Defendant, Daoping Bao
301 Arthur Godfrey Road
Miami Beach, Florida 33140
Telephone: (305) 358-0050
Facsimile: (305) 358-0550

By: */s/ Daniel S. Bitran*
Daniel S. Bitran
Florida Bar No. 124041
James Webb
Florida Bar No. 80993
dbitran@mitrani.com
jwebb@mitrani.com

## FILER'S ATTESTATION

Pursuant to Local Rule 1001-2(e)(3) regarding signatures, Robert M. Stein attests that concurrence in the filing of this paper has been obtained from counsel for defendants, Evans, Dutchak, Henshall, Bains, and Guo "David" Ding.

By <u>*/s/ Robert M. Stein*</u>
    Robert M. Stein

Defendants' Response in Opposition to Plaintiff's Motion for Protective Order and Cross-Motion for Protective Order
*Adv. No. 20-00051*
**Page 19 of 19**

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on the February 20, 2023 we electronically filed the foregoing with the Clerk of Court via the CM/EF Portal which will serve a true and correct copy to the following:

AGENTIS, PLLC
Robert P. Charbonneau, Esq.
Christopher B. Spuches, Esq.
Jason A. Martorella, Esq.
55 Alhambra Plaza, Suite 800
Coral Gables, FL 33134
Tel: (305) 722-2002
rpc@agentislaw.com
cbs@agentislaw.com
jam@agentislaw.com
*Counsel for Plaintiff*

CIMO MAZER MARK PLLC
David C. Cimo, Esq.
Marilee A. Mark, Esq.
100 S.E. 2nd Street, Suite 3650
Miami, FL 33131
Tel: (305) 374-6480
Fax: (305) 374-6488
decimo@cmmlawgroup.com
mmark@cmmlawgroup.com
*Co-Counsel for Plaintiff*

MITRANI, RYNOR, ADAMSKY
& TOLAND, P.A.
Daniel S. Bitran, Esq.
James Webb, Esq.
Attorneys for Defendant, Daoping Bao
301 Arthur Godfrey Road
Miami Beach, Florida 33140
Telephone: (305) 358-0050
Facsimile: (305) 358-0550
dbitran@mitrani.com
jwebb@mitrani.com

By */s/ Robert M. Stein*